# No. 21-51200

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DERRICK DESHON COLLINS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Texas

## Brief of Appellant-Defendant

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206
Tel.: (210) 472-6700
Fax: (210) 472-4454

KRISTIN L. DAVIDSON
Assistant Federal Public Defender

*Attorney for Defendant-Appellant*

## Certificate of Interested Parties

### UNITED STATES v. DERRICK DESHON COLLINS, No. 21-51200

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Derrick Deshon Collins,** Defendant-Appellant;

2. **Ashley C. Hoff,** U.S. Attorney;

3. **John A. Fedock,** Assistant U.S. Attorney, and **Glenn Harwood,** former Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court;

4. **Maureen Scott Franco,** Federal Public Defender;

5. **Anthony J. Colton,** Assistant Federal Public Defender, who represented Defendant-Appellant in the district court; and

6. **Kristin L. Davidson,** Assistant Federal Public Defender, who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.


s/ Kristin L. Davidson
KRISTIN L. DAVIDSON
*Attorney for Defendant-Appellant*

i

## Statement Regarding Oral Argument

Derrick Deshon Collins argues that his crack cocaine sentence is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a), and is therefore unreasonable. He requests oral argument so that he may point to those parts of the record that support his contentions and answer the Court's questions about the applicable law.

# Table of Contents

Certificate of Interested Parties ....................................................... i

Statement Regarding Oral Argument ............................................. ii

Table of Authorities ......................................................................... iv

Subject Matter and Appellate Jurisdiction ..................................... 1

Issue Presented for Review ............................................................. 2

Statement of the Case ...................................................................... 3

Summary of the Argument .............................................................. 9

Collins's Top-of-the-Guidelines Sentence for a Crack Cocaine
    Conviction Is Greater Than Necessary to Effectuate the
    Goals of 18 U.S.C. § 3553(a) and is Substantively
    Unreasonable............................................................................ 9

Argument and Authorities ............................................................ 10

Collins's Top-of-the-Guidelines Sentence for a Crack Cocaine
    Conviction Is Greater Than Necessary to Effectuate the
    Goals of 18 U.S.C. § 3553(a) and is Substantively
    Unreasonable.......................................................................... 10

    A. Standard of review........................................................... 10

    B. Collins's sentence of 188 months' imprisonment for his
       crack cocaine offense was greater than necessary and
       thus substantively unreasonable....................................... 11

Conclusion...................................................................................... 18

Certificate of Service...................................................................... 19

Certificate of Compliance with Type-Volume Limit ..................... 20

# Table of Authorities

## Cases

*Dean v. United States,*
  137 S. Ct. 1170 (2017) ................................................................ 17

*Gall v. United States,*
  552 U.S. 38 (2007) ..................................................................... 10

*Holguin-Hernandez v. United States,*
  140 S. Ct. 762 (2020) ................................................................ 10

*Kimbrough v. United States,*
  522 U.S. 85 (2007) ........................................................... 6, 11, 13

*Nelson v. United States,*
  555 U.S. 350 (2009) ................................................................... 17

*Pepper v. United States,*
  562 U.S. 476 (2011) ................................................................... 17

*Rita v. United States,*
  551 U.S. 338 (2007) ................................................................... 17

*Terry v. United States,*
  141 S. Ct. 1858 (2021) .............................................................. 13

*United States v. Ayelotan,*
  917 F.3d 394 (5th Cir. 2019) ................................................... 12

*United States v. Cooks,*
  589 F.3d 173 (5th Cir. 2009) ................................................... 12

*United States v. Lara,*
  23 F.4th 459 (5th Cir. 2022) .................................................... 11

*United States v. Neba,*
  901 F.3d 260 (5th Cir. 2018) ................................................... 12

## Statutes

18 U.S.C. § 3231................................................................ 1

18 U.S.C. § 3553(a) ....................................................*passim*

18 U.S.C. § 3553(a)(6) ................................................... 12

18 U.S.C. § 3742............................................................ 1

18 U.S.C. § 924(c) .................................................. 3, 4, 8

21 U.S.C. § 841(a)(1) ................................................. 3, 4

21 U.S.C. § 841(b)(1)(C) ............................................ 3, 4

28 U.S.C. § 1291........................................................... 1

## Rules

Fed. R. App. P. 32(a)(5)................................................ 20

Fed. R. App. P. 32(a)(6)................................................ 20

Fed. R. App. P. 32(a)(7)(B)........................................... 20

Fed. R. App. P. 32(f).................................................... 20

Fed. R. App. P. 4(b)(1)(A)(i) .......................................... 1

## United States Sentencing Guidelines

U.S.S.G. §2D1.1(a)(5).................................................... 4

U.S.S.G. §2D1.1(c)(4) ................................................. 14

U.S.S.G. §2D1.1(c)(8) ................................................. 14

U.S.S.G. §4A1.2 cmt n.3 ............................................... 5

U.S.S.G. §4A1.2(a)(2) ................................................... 5

U.S.S.G. §4A1.3................................................................6, 8, 15, 16

U.S.S.G. §4A1.3(a)(1) .................................................. 15

U.S.S.G. §4A1.3(a)(4)(B) ............................................. 15

U.S.S.G. Ch. 5, Pt. A (Sentencing Table) ..................................... 16

**Other Authorities**

U.S. Dept. of Justice, Press Release 22-176, Readout of Justice
   Department Leadership Meeting with FAMM (March 1, 2022)
   (available at https://www.justice.gov/opa/pr/readout-justice-
   department-leadership-meeting-famm).................................... 14

U.S. Sentencing Comm'n, Estimate of the Impact of HR 1693, The
   EQUAL Actc of 2021 (Jan. 2022) (available at
   https://www.ussc.gov/sites/default/files/pdf/research-and-
   publications/prison-and-sentencing-impact-
   assessments/January_2022_Impact_Analysis_for_CBO.pdf) ... 14

U.S. Sentencing Comm'n, Quick Facts—Crack Cocaine Trafficking
   Offenses (June 2021) (available at
   https://www.ussc.gov/sites/default/files/pdf/research-and-
   publications/quick-facts/Crack_Cocaine_FY20.pdf) .................. 15

## Subject Matter and Appellate Jurisdiction

1.  **Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of alleged offenses against the laws of the United States. The district court exercised jurisdiction under 18 U.S.C. § 3231.

**2.  Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the United States District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984. This Court has jurisdiction of the appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

A criminal defendant who wishes to appeal a district court judgment must file a notice of appeal in the district court within 14 days after the judgment's entry. Fed. R. App. P. 4(b)(1)(A)(i). Here, the judgment was entered on December 7, 2021, and Collins filed a notice of appeal on December 9, 2021. ROA.5, 45.

## Issue Presented for Review

Whether the top-of-the-Guidelines sentence of 188 months' imprisonment on a crack cocaine conviction represents a clear error in judgment by the district court in balancing the sentencing factors and is therefore substantively unreasonable.

**Statement of the Case**

Derrick Deshon Collins was convicted of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He appeals his 188-month sentence on the crack cocaine conviction as substantively unreasonable.

Collins is a 44-year-old Black man who was living in Midland, Texas. ROA.175. In March 2021, police officers learned that Collins was selling crack cocaine based on tips from a confidential informant. ROA.176. Over the next several months, confidential informants participated in several controlled buys of crack from Collins, ranging in quantities between 0.2 to 0.9 grams. ROA.10, 176. On May 11, officers executed a search warrant at Collins's apartment. ROA.176. At the time, Collins was in the parking lot in his car. ROA.176. When officers searched Collins, they found 9.2 grams of crack. ROA.176. In the apartment, officers discovered a stolen gun, drug paraphernalia, and almost $3,000. ROA.176. Collins waived his Miranda rights and admitted that he had been obtaining approximately 14 grams of crack every three days over a six-month

period. ROA.11, 176. He also admitted that he had received the gun in exchange for crack. ROA.11.

Collins was indicted on two counts: possession with intent to distribute crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). ROA.20–21.

At rearraignment, Collins pleaded guilty to both counts. ROA.169. However, he disputed the amount of crack that was discovered on his person, claiming it was only about two grams. ROA.161. He also clarified that he was not in the apartment when the officers found the gun. ROA.161–62. But he confirmed that he had traded crack for the gun and conceded its possession. ROA.163. He also stated that the post-arrest admissions he made to the officers about the estimated quantity of crack he was dealing were not truthful; he had not been dealing that much crack. ROA.165.

The probation officer prepared a presentence report that held Collins accountable for 840 grams of crack. ROA.176. This total was relevant conduct extrapolated from Collins's post-arrest interview in which he admitted to obtaining 14 grams of crack every three days for six months. ROA.176. The corresponding base offense for 840 grams of crack was 32. ROA.177; *see also* U.S.S.G. §2D1.1(a)(5).

After application of a three-level reduction for acceptance of responsibility, his total offense level was 29. ROA.178.

The probation officer calculated Collins's criminal history as 20 points. ROA.179–185. The presentence report listed 22 separate paragraphs of prior convictions, and more than half of those occurred in the 10 years prior to the present offense and were clustered together over the course of four separate arrests. *See* ROA.181–85. Most of those offenses involved motor vehicle offenses, and the remaining were low-level drug offenses. ROA.182–84. The "single sentence" rule applied to two groups of four prior convictions. *See* ROA.182–83 (¶¶44–47), 183–84 (¶¶50–53); *see also* U.S.S.G. §4A1.2(a)(2) & comment. n.3. For all his criminal history, the longest prison term Collins served was approximately three and a half years. *See* ROA.182–83. The scored criminal history totaled at 18, and he received an additional two points for committing the instant offense while he was serving a term of parole. ROA.185.

The total offense level 29 and criminal history category VI yielded a Guidelines range of 151 to 188 months. ROA.178–85, 189.

Collins objected to the base offense level, arguing that he never actually said he had obtained 14 grams every three days for six months. ROA.195. Consequently, it was more accurate to calculate

a base offense level using the amounts of crack actually seized from Collins and purchased by the confidential informants, a total between 5.6 and 11.2 grams. The actual quantity of crack involved in the offense would result in a base offense level 16. ROA.195. The advisory Guidelines range, after application of a three-level reduction for acceptance of responsibility, would have been 33 to 41 months. ROA.195.

Both parties submitted sentencing memoranda. The Government acknowledged the Department of Justice's support for the proposed EQUAL Act's elimination of the powder-cocaine-to-crack sentencing disparity and reminded the district court that, under *Kimbrough v. United States*, 522 U.S. 85, 106–08 (2007), it could consider the cocaine-crack disparity in assessing Section 3553(a) factors. ROA.221. But it argued that, notwithstanding the disparity between cocaine and crack, the court should sentence Collins within the calculated crack range of 151 to 188 months based on the § 3553(a) factors and because the criminal history category VI understated Collins's criminal history. ROA.222–23 (citing U.S.S.G. §4A1.3).

Collins responded that, consistent with DOJ policy, the district court should sentence him in accordance with the cocaine guideline,

which would have yielded a total Guidelines range of 77 to 96 months. ROA.225–26. He noted that the crack guideline more than doubled the cocaine guideline and, even if the court were to depart upward based on uncounted criminal history, the 151-to-188 range was greater than necessary. ROA.226. This is especially true considering the 840-gram extrapolation likely over-estimated the reality of what Collins was dealing. ROA.225. Collins also asked the court to consider that, in crafting the total sentence, he would receive a mandatory and consecutive five-year term of imprisonment on Count Two. ROA.226.

At sentencing, the district court overruled Collins's relevant conduct objection to the Guidelines calculation and adopted the presentence report. ROA.122–23. During Collins's allocution, the court addressed his criminal history. ROA.126–27. Collins stated that the longest he had spent in prison was about three and a half years. ROA.126. The court focused on the amount of criminal history that was uncounted, and that "there are reasons why it's not counted, but still, it matters." ROA.127.

The Government reiterated that, even though the DOJ endorsed the principles behind the proposed EQUAL Act, which would eliminate the cocaine-crack disparity, "in this case the 3553(a) factors

certainly weigh in favor a sentence according to the guidelines as currently calculated." ROA.128. The district court agreed and determined that the 151-to-188-month Guidelines, in conjunction with the § 3553(a) factors, would allow for "a guideline range" that was "fair and reasonable." ROA.129. Because of Collins's criminal history and guideline §4A1.3, the court found that "he should not be sentenced to a term of imprisonment that's below the current guideline range of 151 to 188 months." ROA.129. The court denied Collins's request for a downward departure, ROA.129, and imposed a top-of-the-Guidelines sentence of 188 months' imprisonment for the drug offense, plus a consecutive, five-year term of imprisonment on for the § 924(c) offense, for a total sentence of 248 months' imprisonment. ROA.129–30.

    Collins appealed. ROA.45

## Summary of the Argument

**Collins's Top-of-the-Guidelines Sentence for a Crack Cocaine Conviction Is Greater Than Necessary to Effectuate the Goals of 18 U.S.C. § 3553(a) and is Substantively Unreasonable.**

The district court clearly erred by sentencing Collins to the top of the Guidelines for his crack cocaine conviction. The 188-month sentence is substantively unreasonable. The advisory crack Guidelines range overstated the seriousness of Collins's offense and dangerousness. When imposing the top-of-the-Guidelines sentence, the court improperly applied a presumption of reasonableness to the advisory Guidelines range and gave undue, significant weight to Collins's criminal history. This Court should vacate the sentence and remand for resentencing.

## Argument and Authorities

**Collins's Top-of-the-Guidelines Sentence for a Crack Cocaine Conviction Is Greater Than Necessary to Effectuate the Goals of 18 U.S.C. § 3553(a) and is Substantively Unreasonable.**

Collins's 188-month, top-of-the-Guidelines sentence on his crack cocaine offense is greater than necessary to meet the statutory goals of sentencing and is therefore unreasonable. The Court should vacate Collins's sentence and remand his case for resentencing.

### A. Standard of review.

Collins requested a sentence that accounted for the racially disparate effect of the crack Guidelines. After eliminating the disparity between powder cocaine and crack, the resulting Guidelines range for Count One would have been 77 to 96 months. The district court considered this request as a motion for a downward departure and denied it. By advocating for a sentence lower than the one imposed by the court, Collins preserved his objection to the reasonableness of the sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). The appellate court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 49–50 (2007).

The Court has presumed that a sentence within an advisory Guidelines range, even if it lacks empirical backing, is reasonable. *United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir. 2022). While the Court reasoned that *Kimbrough* does not "force a district or appellate court into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines," *id.* at 486, the overwhelming data proving the racially disparate impact caused by the crack guideline and the bipartisan support for its elimination do not support the presumption in this case. While the argument to eliminate the appellate presumption of reasonableness under these circumstances may be foreclosed in this circuit, *id.*, Collins raises it to preserve for possible Supreme Court review.

### B. Collins's sentence of 188 months' imprisonment for his crack cocaine offense was greater than necessary and thus substantively unreasonable.

In determining the sentence, a district court must consider the statutory factors set forth in 18 U.S.C. § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of th[at] subsection." 18 U.S.C. § 3553(a). A sentence is substantively unreasonable where it "does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper

factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (cleaned up) (so holding for a Guidelines sentence); *see also United States v. Ayelotan*, 917 F.3d 394, 409 (5th Cir. 2019).

Unfortunately, the Court has provided no meaningful guidance for when a sentence is substantively unreasonable. *See United States v. Neba*, 901 F.3d 260, 266–67 (5th Cir. 2018) (Jones, J., concurring). One way to measure the unreasonable, excessive weight given to the Guidelines in this case is the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Neba*, 901 F.3d at 267 ("Ms. Neba's resulting sentence is not like those of defendants sentenced for similar crimes.")

Here, Collins's 188-month sentence at the top of the crack Guidelines range represents a clear error in judgment by the district court in balancing the sentencing factors and is substantively unreasonable. The court presumed the crack Guidelines range to be reasonable—an erroneous standard for the trial court to apply—and jumped to the top of the Guidelines, resulting in a sentence greater than necessary to account for the seriousness of Collins's

offense and criminal history and one that is disproportionately higher than most crack offenses.

It is well documented that the crack Guidelines have a disparate impact, especially on Black defendants, and lack the empirical underpinnings that should support a particular guideline. *See Terry v. United States*, 141 S. Ct. 1858, 1965–68 (2021) (Sotomayor, J., concurring in part and concurring in the judgment) (describing the history and racially disparate impact of the crack cocaine punishments). In *Kimbrough*, the Supreme Court held that a district court did not abuse its discretion by concluding that the disparity between guidelines ranges for crack and powder cocaine offenses resulted in an excessive sentence, because the crack cocaine Guideline did not reflect the Sentencing Commission's ordinary methods of relying on empirical evidence and national experience. 552 U.S. at 109–10.

The proposed legislation under The EQUAL Act of 2021 would eliminate the increased penalties for crack offenses. *See* U.S. Sentencing Comm'n, Estimate of the Impact of HR 1693, The EQUAL

Act of 2021 (Jan. 2022).[1] The Department of Justice endorses the elimination of the disparity between crack and cocaine offenses. *See* ROA. 221.[2]

It is simple to see how the arbitrary crack guideline overstates the seriousness of Collins's offense. The rote relevant-conduct extrapolation of 840 grams of crack cocaine results in a Guidelines range nearly double the equivalent for powder cocaine. *Compare* U.S.S.G. §2D1.1(c)(4) (at least 840 grams of crack cocaine results in base offense level 32) *with* §2D1.1(c)(8) (at least 840 grams of powder cocaine results in base level 24). The corresponding Guidelines range for Collins had he trafficked powder cocaine was 77 to 96 months, compared to the crack-fueled Guidelines range of 151 to 188 months. The selected sentence of 188 months, too, is more than double the average sentence of 74 months for crack offenders. *See*

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/prison-and-sentencing-impact-assessments/January_2022_Impact_Analysis_for_CBO.pdf.

[2] *See also* U.S. Dept. of Justice, Press Release 22-176, Readout of Justice Department Leadership Meeting with FAMM (March 1, 2022) https://www.justice.gov/opa/pr/readout-justice-department-leadership-meeting-famm.

U.S. Sentencing Comm'n, Quick Facts—Crack Cocaine Trafficking Offenses (June 2021).[3]

The Government endorsed the policy to eliminate the disparity consistent with the principles behind The EQUAL Act. ROA.129, 221. At sentencing, the district court appeared to consider that policy and the Government's support for it. ROA.129. Yet, by citing guideline §4A1.3(a)(1), the court suggested that, even if a cocaine-based Guidelines range was considered, application of guideline §4A1.3 would allow the court to climb back up to the Guidelines range of 151 to 188 months. *See* ROA.129. Not so.

Guideline §4A1.3(a)(1) permits an upward departure if "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" To do so, "the court should structure the departure by moving *incrementally* down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guidelines range appropriate." §4A1.3(a)(4)(B) (emphasis added).

---

[3] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Crack_Cocaine_FY20.pdf.

Here, the district court did not move incrementally down the sentencing table but jumped to the top of a disproportionately high Guidelines range it presumed to be reasonable. Even if the court had moved down the sentencing table by 7 offense levels to account for a total of 20 criminal history points,[4] the Guidelines range would have been 140 to 175 months, corresponding with a total offense level of 28 and criminal history category VI. Many of Collins's prior offenses received very low sentences and were non-violent. *See* ROA.179–85. In the prior ten years, many of the offenses fell under the "single sentence" rule and were not counted because he was arrested and sentenced for the offenses on the same dates. *See* ROA.181–85. While the court reasoned that it was guided by guideline §4A1.3, ROA.129, the 188-month sentence was untethered from it.

The district court also jumped to the higher, disparate crack Guidelines, declaring the *"guideline"* of 151 to 188 months to be *"fair and reasonable,"* and imposing a sentence at the top—188

_____

[4] Criminal history category VI is applied when a defendant has 13 or more criminal history points. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

months' imprisonment. ROA.129 (emphasis added). But reasonableness is an appellate presumption not to be applied by a trial court. *Nelson v. United States*, 555 U.S. 350, 351–52 (2009); *see also Rita v. United States*, 551 U.S. 338, 351 (2007) ("We repeat that the presumption before us is an appellate court presumption.... [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."). Rather, the trial court must abide by the parsimony clause, that a sentence be "sufficient, but not greater than necessary" to comply with certain basic objectives set forth in 18 U.S.C. § 3553(a), including the need for "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (quoting 18 U.S.C. § 3553(a)(2); *see Pepper v. United States*, 562 U.S. 476, 491, 493 (2011). If, according to the reasoning of the trial court, the entire range is *reasonable*, then so too is a sentence of 151 months, the low end of the range. But the court sentenced Collins to an additional three years. Under the parsimony clause, a 188-month sentence is greater than necessary.

The racially disparate Guidelines range, the arbitrariness of the district court's selection of Collins's sentence, and the violation of the parsimony clause rebut any presumption of reasonableness this

Court may apply. The district court's selection of a 188-month sentence was a clear error of judgment and renders its substantively unreasonable.

## Conclusion

For these reasons, the Court should vacate Collins's sentence and remand his case for resentencing.

Respectfully submitted.

> MAUREEN SCOTT FRANCO
> Federal Public Defender
>
>
> s/ Kristin L. Davidson
> KRISTIN L. DAVIDSON
> Assistant Federal Public Defender
> Western District of Texas
> 727 E. César E. Chávez Blvd., B-207
> San Antonio, Texas 78206
> (210) 472-6700
> (210) 472-4454 (Fax)
>
> *Attorney for Defendant-Appellant*

## Certificate of Service

I hereby certify that on the 12th day of April, 2022, I electronically filed the Brief of Defendant-Appellant with the Clerk of Court using the CM/ECF system which will send notification of such filing to John F. Bash, U.S. Attorney for the Western District of Texas (Attn: Assistant U.S. Attorney Joseph H. Gay, Jr.), via electronic mail.

s/ Kristin L. Davidson

KRISTIN L. DAVIDSON

*Attorney for Defendant-Appellant*

**Certificate of Compliance with Type-Volume Limit**

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,930 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

s/ Kristin L. Davidson
KRISTIN L. DAVIDSON

*Attorney for Defendant-Appellant*
Dated: April 12, 2022
