# No. 21-51200

**In the  
United States Court of Appeals  
For the Fifth Circuit**

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

v.

**DERRICK DESHON COLLINS,**

Defendant-Appellant.

**On Appeal from the United States District Court  
for the Western District of Texas**

———————————

**Appellee's Brief for the United States of America**

———————————

> Ashley C. Hoff  
> United States Attorney
>
> Joseph H. Gay, Jr.  
> Assistant United States Attorney  
> Western District of Texas  
> 601 N.W. Loop 410, Suite 600  
> San Antonio, Texas 78216  
> (210) 384-7090 / (210) 384-7031
>
> **Attorneys for Appellee**

## Recommendation on Oral Argument

The United States of America suggests oral argument would not significantly aid the decisional process in this case. The issue(s) raised on appeal can be determined upon the briefs that adequately present the record and legal arguments relevant to this appeal. See Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

**Pages**

Recommendation on Oral Argument ....................................................... ii

Table of Authorities .................................................................................. iv

Jurisdiction ................................................................................................ 1

Statement of the Issue ............................................................................. 1

Statement of the Case .............................................................................. 1

    A. Course of Proceedings and Disposition in the Court Below .......... 1
    B. Statement of the Facts .................................................................... 4

Summary of the Argument ...................................................................... 6

Argument and Authorities ....................................................................... 6

    The district court's within-Guideline sentence is substantively
    reasonable ............................................................................................. 6

    A.   Standard of Review ...................................................................... 6

    B.   Presumption of Reasonableness ................................................. 7

    C.   Argument ..................................................................................... 8

    D.   Appellant has failed to rebut the presumption of
          reasonableness that applies to his sentence ............................ 9

Conclusion ............................................................................................... 13

Certificate of Service .............................................................................. 13

Certificate of Compliance ....................................................................... 14

## List of Authorities

**Federal Cases**                                                                                 **Pages**

*Gall v. United States*,
   552 U.S. 38 (2007) ................................................................................ 7

*Holguin-Hernandez v. United States*,
   140 S. Ct. 762 (2020) ............................................................................ 8

*Kimbrough v. United States*,
   522 U.S. 85 (2007) .............................................................................. 11

*United States v. Barton*,
   879 F.3d 595 (5th Cir. 2018) ................................................................ 9

*United States v. Campos-Maldonado*,
   531 F.3d 337 (5th Cir. 2008) ............................................................. 7, 9

*United States v. Cisneros-Gutierrez*,
   517 F.3d 751 (5th Cir. 2008) ................................................................ 7

*United States v. Cooks*,
   589 F.3d 173 (5th Cir. 2009) ................................................................ 9

*United States v. Coto-Mendoza*,
   86 F.3d 583 (5th Cir. 2021) .................................................................. 6

*United States v. Diaz Sanchez*,
   714 F.3d 289 (5th Cir. 2013) ................................................................ 8

*United States v. Dukes*,
   788 F.3d 392 (5th Cir. 2015) ................................................................ 7

*United States v. Hernandez*,
   633 F.3d 370 (5th Cir. 2011) ................................................................ 9

*United States v. Lara*,
   23 F.4th 459 (5th Cir. 2022) ................................................................ 7

*United States v. Nikonova,*
   480 F.3d 371 (5th Cir. 2007) ................................................................. 9

*United States v. Simpson,*
   796 F.3d 548 (5th Cir. 2015) .................................................................. 8

**<u>Federal Statutes</u>**

18 U.S.C. § 924 ............................................................................................. 1

18 U.S.C. § 3553 ................................................................................... passim

18 U.S.C. § 3742 ........................................................................................... 1

21 U.S.C. § 841 ............................................................................................. 1

28 U.S.C. § 1291 ........................................................................................... 1

**<u>Federal Rules</u>**

Fed. R. App. P. 4 .......................................................................................... 1

Fed. R. App. P. 32 ...........................................................................................

Fed. R. App. P. 34 ........................................................................................ ii

**<u>United States Sentencing Guidelines</u>**

USSG § 2D1.1 ............................................................................................... 2

USSG § 4A1.3 ............................................................................................. 12

## Jurisdiction

Appellate jurisdiction stems from 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a). Appellant's notice of appeal was timely entered on December 9, 2021 (ROA.45). *See* Fed. R. App. P. 4(b)(1)(A)(i).

## Statement of the Issue

Whether Appellant's within-Guideline sentence is substantively reasonable.

## Statement of the Case

### A. Course of Proceedings and Disposition in the Court Below.

By grand jury indictment returned on May 26, 2021, in the Midland-Odessa Division of the Western District of Texas, Derrick Deshon Collins (hereinafter referred to as Appellant), was charged with one count of possession with intent to distribute cocaine base, "crack", in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (ROA.20). On July 14, without a written plea agreement, Appellant pleaded guilty as charged in the indictment (ROA.30). The district court accepted the plea by order dated August 2 (ROA.33-34).

Appellant's PSR reflected a base offense level of 32, pursuant to USSG § 2D1.1(a)(5) (ROA.177). Even with the multiple count adjustment, Appellant's base offense level remained 32 (ROA.178). After a three-level reduction for acceptance of responsibility, Appellant's total offense level was calculated as 29 (ROA.178).

Based on Appellant's prior convictions, his total criminal history score was 20, which included two points added for having committed the instant offense while under a criminal justice sentence for Evading Arrest Detention with a Vehicle in the 161st Judicial District Court in Odessa (ROA.185). Fourteen criminal convictions did not score points (ROA.179-85). A criminal history score of 20 established a criminal history category of VI (ROA.185). Appellant's advisory Guideline range was calculated as 151 to 188 months of imprisonment (ROA.189).

Appellant's counsel objected to the drug quantity attributed to him arguing the amount was speculative and some of the crack was for personal use and should not be included in the total drug weight (ROA.192). Appellant also argued the information in paragraph 5 of the PSR was incorrect claiming he never threatened to shoot Cardona (ROA.193).

During Appellant's sentencing hearing on November 30, 2021, Appellant's counsel reurged his objection to Appellant being held accountable for 840 grams of cocaine base, "which is right on the edge of that guidelines range" – 839 would be level 30, instead of 840 at level 32 (ROA.120). Counsel also noted regarding the gun enhancement, that Appellant did not have the firearm on his person when he was arrested (ROA.120-21, 122).

In response, the Government informed the court that the investigators, based on what the defendant tells them "do the basic math that we would all do and don't do that with a view towards getting somebody to a certain level." (ROA.121). "There's a reasonable basis to believe what was said. There's a reasonable basis to use that calculation, and it was not done with the intent of getting over a certain threshold or, you know, meeting a certain level in the guidelines." (ROA.121).

The court overruled Appellant's objections, adopting the Government's and probation's responses (ROA.122). Finding the report accurate and adopting same, and after considering the sentencing memorandums submitted by both parties, and hearing from both parties, the district court sentenced Appellant to 188 months of imprisonment as to Count

One and 60 months as to Count Two, to be served consecutively (ROA.40, 130). The Court also imposed a three-year term of supervised release as to Count One and Five years as to Count Two, to be served concurrently, along with a $200 special assessment (ROA.41-44, 130). Notice of appeal was timely entered (ROA.45).

**B.  Statement of Facts.**

In March 2021, detectives with the Midland, Texas, Police Department (MPD) obtained information from a cooperating source (CS) indicating Appellant Derrick Deshon Collins was distributing cocaine base, "crack," from his residence in Midland, which was located within 1,000 feet of Hogan Park, a drug free zone (ROA.176). Over the next several months, numerous purchases of cocaine base, "crack," were made by the CS from Appellant at his residence, while under the surveillance of the MPD (ROA.176). The amounts of cocaine base "crack" obtained from Appellant varied from .2 grams to .9 grams (ROA.176).

On May 11, 2021, the MPD executed a search warrant at Appellant's apartment (ROA.176). Upon arrival, Appellant was discovered in a black Dodge Journey, in the parking lot (ROA.176). Contact was made with

Appellant, who was in possession of 9.2 grams of cocaine base, "crack," on his person found in a green Crown Royal bag (ROA.176).

As a search of Appellant's apartment ensued, Jerry Cardona was discovered inside the apartment (ROA.176). Cardona stated Appellant was residing with him, and Cardona was aware Appellant was distributing cocaine base, "crack" (ROA.176). A search of the apartment revealed a stolen black and chrome Sig Sauer P938 firearm, serial number 52B027840, which was loaded with four rounds of ammunition (ROA.176). It was confirmed the firearm was reported stolen (ROA.176). Cardona also stated Appellant had threatened to shoot Cardona (ROA.176). Digital scales, plastic baggies, $2,928 in United States currency were also discovered (ROA.176).

Appellant was arrested and interviewed by law enforcement (ROA.176). During the interview, Appellant admitted to selling cocaine base, "crack," for the past six months and that he obtained 14 grams of cocaine base, "crack," every three days, for a total of 840 grams (ROA.176). The total amount of cocaine base, "crack," Appellant was accountable for was 840 grams (ROA.176).

**Summary of the Argument**

The district court's imposition of a 188-month, within-Guideline sentence was reasonable, and Appellant has not rebutted the presumption of reasonableness attached to his within-Guideline sentence. The district court listened carefully to all arguments presented, and subsequently assessed a reasonable within-Guideline sentence of 188 months. Appellant has failed to show any error in the imposition of a within-Guideline sentence.

**Arguments and Authorities**

**The district court's within-Guideline sentence is substantively reasonable.**

On appeal, Appellant argues his top-of-the-Guideline sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and the Guideline range overstated the seriousness of his offense and his dangerousness (Appellant's Brief at 9). Appellant's argument has no merit.

**A. Standard of Review.**

This Court reviews a criminal sentence imposed by the district court in a two-step process. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). The Court first examines whether the district court

committed any significant procedural error, such as failing to adequately explain the chosen sentence. *See United States v. Dukes*, 788 F.3d 392, 396 (5th Cir. 2015). Where the sentence is procedurally sound, this Court then considers the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008), quoting *Gall v. United States*, 552 U.S. 38, 51 (2007).

**B. Presumption of Reasonableness.**

Appellant does not raise a procedural error. Instead, he challenges the substantive reasonableness of his within-Guideline sentence. Because Appellant's sentence fell within a properly calculated advisory range, the presumption of reasonableness is applicable. "A discretionary sentence imposed within a properly calculated guideline range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).[1] Therefore, the presumption of reasonableness applies here, and Appellant has failed to rebut that presumption.

---

[1] Appellant concedes that his claim that his within-Guideline sentence should not be presumptively reasonable because the crack cocaine guideline "lacks empirical backing" is foreclosed by *United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir. 2022). Appellant raises the issue to preserve for possible Supreme Court review. (Appellant's Brief at 10-11).

## C. Argument.

Appellant asserts his 188-month sentence is greater than necessary to meet the goals of sentencing and is unreasonable (Appellant's Brief at 10). Appellant did not object at the sentencing hearing to the reasonableness of the sentence imposed. He did, however, argue for a sentence at the bottom of the Guideline range (ROA.125-26), which preserved his issue. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020) (explaining appellants are not "required to refer to the 'reasonableness' of a sentence to preserve such claims for appeal").

Where an objection to the reasonableness of the sentence is preserved, this Court "conduct[s] a substantive reasonableness analysis by examining the totality of the circumstances under an abuse of discretion standard." *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). This Court's "review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant," and "[t]he fact that [this Court] might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

## D. Appellant has failed to rebut the presumption of reasonableness that applies to his sentence.

This Court generally applies a presumption of reasonableness to a sentence that falls within the Guideline range. *United States v. Barton*, 879 F.3d 595 (5th Cir. 2018). The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors. *United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir. 2007). "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339. Appellant has failed to rebut the presumption of reasonableness afforded his within Guideline sentence.

The substantive reasonableness of a sentence is reviewed for abuse of discretion under the totality of the circumstances. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). When reviewing a sentence for reasonableness, this Court will infer that the judge has considered all the factors for a fair sentence set forth in the guidelines." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Prior to imposing sentence, the district court addressed Appellant.

Court: Your Criminal History Category VI, which is the highest category we've got for criminal history in the United States Sentencing Guidelines. What's the longest you've ever spent in prison one time? In one time, what's the longest you've ever spent?

Appellant: Three and a half years.

. . .

Court: Well, you stepped up this time. And you've got a lot of criminal history that's not counted. Did you do that two [sic] and a half on that obstruction case, that cocaine case?

Appellant: Yes, sir.

Court: Because you've got five years, it looks like. Three years on aggravated assault wasn't counted. You got two full pages and a little more that are not counted, of criminal history that's not counted. And then there's some more that's not counted. And there are reasons why it's not counted, but still, it matters.

Wow. So it looks to me like this goes back to 1995 when you were 18 years old. And that's pretty much what you've done, whether it's robbery or selling cocaine or aggravated assault, theft, terroristic threats, theft, obstruction, possession of cocaine, obstruction, tampering with evidence, evading, possession of marijuana, delivery of controlled substance – I bet that was coke. I don't know; it doesn't say. Delivery of marijuana, evading, possession of marijuana, evading.

I'm leaving some of these out because it's getting repetitive. And you've got some stuff that was rejected and dismissed. That's good for you.

> It appears to me, if I were to say, what was this guy's profession, I'd say, well, he's a criminal. Just looking at this, what type of work have you done?
>
> Appellant: I was a meat cutter . . . a butcher . . . [and] I had to drive [a] forklift.
>
> Court: And so when you did that, when you were a forklift operator and a butcher, at the same time you were likely dealing drugs because there's no time in here for you not to have been dealing drugs.
>
> Appellant: I wasn't really dealing drugs like that, sir. I -- I wasn't really dealing drugs like that.
>
> Court: Wow. That's impressive, but not in a good way. It makes an impression on somebody looking at your criminal history. (ROA.126-28).

Here, Appellant's 188-month sentence was within the 151 to 188-month range recommended by the Sentencing Guidelines and within the statutory maximum term of imprisonment that the district court could have imposed. As Appellant acknowledges, the Government advised the district court that the Department of Justice's support for the proposed EQUAL Act's elimination of the powder-cocaine-to-crack sentencing disparity and reminded the district court that, under *Kimbrough v. United States*, 522 U.S. 85, 106–08 (2007), it could consider the cocaine-crack disparity in assessing Section 3553(a) factors (ROA.221). However,

11

the Government maintained that even though the DOJ endorsed the principles behind the proposed EQUAL Act, "in this case the 3553(a) factors certainly weigh in favor a sentence according to the guidelines as currently calculated" (ROA.128).

The district court agreed stating that in light of Appellant's criminal history and guideline § 4A1.3, "he should not be sentenced to a term of imprisonment that's below the current guideline range of 151 to 188 months" (ROA.129).

In sum, the record reflects that the district court considered Appellant's arguments and imposed a reasonable sentence. Appellant has failed to rebut the presumption of reasonableness that applies to his sentence. There was no abuse of discretion and Appellant's sentence was substantively reasonable.

## Conclusion

For the foregoing reasons, Appellant Collins' sentence should be affirmed.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By: *s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney

## Certificate of Service

I hereby certify that on May 12, 2022, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy to be delivered to Appellant's counsel, Kristin L. Davidson, Federal Public Defender's Office.

*s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney

## Certificate of Compliance

I hereby certify, on May 12, 2022, that

   1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,255 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

   2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14-point Century Schoolbook.

*s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney